UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HARRY HART,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>LEWIS COUNTY JAIL AND SUBORDINATES, et al., | CASE NO. 3:24-cv-05499-TL-BAT<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

Before the Court is Plaintiff, James Harry Hart's 42 U.S.C. § 1983 amended complaint. On June 24, 2024, Plaintiff, a detainee of the Lewis County Jail, submitted a *pro se* prisoner civil rights complaint against (1) the Lewis County Jail and Subordinates; (2) Lewis County Medical Staff; (3) Lewis County Superior Court Judge James Lawler. In Count I, Plaintiff alleged:

> Inadequate medical care Lewis County Jail & Subordinates/sheriffs. During the month of May I was taken to Providence Hospital in Centralia to get more test for my lymphonic cancer. The Dr. at the hospital gave a one week time line to Lewis County Medical Staff to find outside provider (to finish testing & start a health care plan for followup kemo if need be. They told the Sherriff/correction officer that info. Its June & correction officer told me its my job to figure that out. But I'm incarcerated.

*See* Dkt. 1.

　　Plaintiff alleged in Count II:

REPORT AND RECOMMENDATION - 1

> Inadequate medical care Lewis County Medical Staff/onsite nurses. On 6/15/24 I had to call a medical emergency because my chest was tigting due to Lewis County Medical Staff not properly giving me my heart medication One day the nurse will give it to me then the next day there will be a new nurse & they will say they cant give me my medication. As well as when I got here up until about 6/10/24 they were giving me AIDS medicine Come to find out I didn't even have AIDS according to my test results.

*Id*.

After reviewing the complaint under 28 U.S.C. § 1915A(a), the Court issued an order declining service and granting Plaintiff leave to file an amended complaint to address the following deficiencies: (1) the complaint made allegations against unnamed individuals. Plaintiff was advised he must name the individuals he seeks to sue; and (2) the complaint named a Lewis County Superior Court Judge as a defendant but presented no facts indicating this Judge violated Plaintiff's federal rights and cause Plaintiff harm.

On July 22, 2024, Plaintiff filed an amended complaint naming as Defendants: nurse A. Williams; Carrie Green, a receptionist; and Nurse Anthony. Dkt. 7 at 3. The Court has reviewed the amended complaint and recommends the amended complaint be DISMISSED.

## DISCUSSION

**A.    The Amended Complaint**

Count I of the amended complaint alleges:

> My 8th amendment was violated by Lewis County Jail nurse A. Williams. Via smart communications kiosk #19,913,902 James Harris … Date of submission 05/29/24 housing C1. In need of kemo treatment, i.e. cancer in my lymphnodes/mri as well as more blood work done on existing conditions asap. … This was deliberate indifference and unjust how LCJ decided to proceed with knowledge of my ailments cancer constitutes as a serious health risk. Weeks have passed with no urgency on LCJ medical staff to treat my cancer properly.

Dkt.7 at 4-5.

REPORT AND RECOMMENDATION - 2

Count II alleges:

> Right to access medical information was violated by nurse A. Williams and Lewis County Jail secretary K. Green. Via smart communications kiosk: Ref # 20,024,822, James Hart . . . . 06/07/2024 . . . I stated I need to sign a ROL for my medical inform to my friend how to I do that. Nurse A. Williams responds to my request on 06/08/24  I gave Jeanie Gunn who is a very responsive person whom I trust permission to head to the Lewis County Jail for a release of information. K. Green denied Jeannie a release of my information in proxy for me concerning medical records. 20 CFR 401.55 states that the ROI representative may be a physician other health professional or other responsible person who will be willing to review the record and inform you of its contents.  Due to LCJ staff's unawareness of ROI rights attempts at handling my medical treatment is further delayed. I asked that the court issue the Osbern order in my behalf to have me seen or sent to proper cancer treatment hospital within seven days.

*Id.* at 6-8.

Count III alleges:

> Deliberate indifference and failure to train Anthony. The morning of 07/09/24 the nurse Anthony was administering medication when I was called to receive my pills Nurse Anthony only administered me two. When I usually receive five. Anthony insisted he was correct until asked to check my records. He Anthony came to find out I was indeed truthful about my pills. Furthermore the medical staff here at LCJ still administers blood thinner medication to me. My cancer treatment calls for me to be off blood thinners medications still the medical staff at LCJ administers this medication to me, even with the knowledge of me having cancer treatments furthermore I am unable to identify names of the medical staff here at LCJ they usually do not wear their identifying badges in plain sight. If they do often times they only give their first names when asked to identify themselves.

*Id.* at 8-9.

Plaintiff also attached to the amended complaint a statement that:

> I have been imprisoned at LCJ since May of 2024 It has taken LCJ more than two months to have me properly evaluated to get my cancer treatment It was only until I started multiple requests and grievances I was able to get seen. HAS K. Hawk finally seen me

REPORT AND RECOMMENDATION - 3

> the morning of 07/09/24. Reference # 90,298,680 on the smart communications on kiosk I state thank you for meeting this morning!!! I appreciate the time you took out of your day to explain what you could about what's going on with my health.

*Id.* at 7.

B.      **Deliberate Indifference Claims**

Plaintiff alleges in Counts I and II that Defendants were deliberately indifferent to his medical needs. If Plaintiff is serving a sentence, his deliberate indifference claims are governed by the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 97 (1976), but if he is a pretrial detainee, the claims are governed by the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, (1979). A pretrial detainee's Fourteenth Amendment due process rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner," *Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983), and the Ninth Circuit applies "the same standards" to pretrial detainees and prisoners because their rights are "comparable." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

To show "deliberate indifference" Plaintiff must meet a two-part test. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id*. (internal quotations omitted). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id*. The second prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*.

The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Gordon v. County of Orange* ("*Gordon I*"), 888 F.3d 1118, 1124–25 (9th Cir. 2018) (internal quotation marks omitted). Rather, "[t]he

REPORT AND RECOMMENDATION - 4

indifference to medical needs must be substantial; a constitutional violation is not established by negligence or 'an inadvertent failure to provide adequate medical care.'" *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (quoting *Estelle*, 429 U.S. at 105–06).

In Count I, Plaintiff alleges nurse Williams violated Plaintiff's rights because the jail delayed treating Plaintiff's health problems. The amended complaint provides no facts establishing Nurse Williams caused delays in treatment, or that the delay caused harm, which is an essential element of a deliberate indifference claim. *See e.g., Wood v. Housewright*, 900 F.2d 1332, 1335 (9the Cir. 1990) (only delays that cause substantial harm violate the Eight Amendment). Count I accordingly fails to set forth sufficient facts to establish a deliberate indifference claim and should be dismissed.

Count III alleges on July 9, 2024, nurse Anthony gave Plaintiff two pills instead of five. This is a one-time occurrence which at most appears to amount to negligence. As the lack of due care or negligence are insufficient grounds to support a claim for deliberate indifference, the claim should be dismissed.

Plaintiff also alleges he receives blood thinners which he believes he should not receive. Plaintiff fails to allege establish this medication causes any harm, and thus fails to state a deliberate indifference claim for relief.

Count II alleges Defendant Green violated Plaintiff's rights under 20 CFR 401.55 by denying a request for a release of information form. This regulation pertains to the Social Security Administration and is thus inapplicable to Plaintiff's request for a release form.

REPORT AND RECOMMENDATION - 5

**CONCLUSION**

Plaintiff initiated this action when he filed a complaint in June 2024. The Court advised Plaintiff the complaint was deficient. Rather than recommending immediate dismissal, the Court granted Plaintiff leave to amend. In response, Plaintiff filed an amended complaint which is still deficient. The Court accordingly recommends Plaintiff's RECOMMENDS:

1. Count I be **DISMISSED** without prejudice.

2. Counts II and III be **DISMISSED** with prejudice.

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **August 12, 2024.** The Clerk shall note the matter for **August 16, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 29th day of July, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge